**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| MICKEY MURRILL,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, LONDON CORRECTIONAL INSTITUTION,<br><br>Respondent. | : | Case No. 1:21-cv-592<br><br>District Judge Matthew W. McFarland<br>Magistrate Judge Karen L. Litkovitz |

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the London Correctional Institution, in London, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the sentence entered following his convictions by guilty plea in the Butler County, Ohio, Court of Common Pleas. This case is before the Court on the petition, respondent's return of writ, and petitioner's reply to the return of writ. (Docs. 1, 9, 14).

## I. PROCEDURAL HISTORY

### State Convictions and Sentence

On February 12, 2018, a Butler County, Ohio, grand jury indicted petitioner on twenty-five sexual offenses, each involving minors. (Doc. 8, Ex. 1). Petitioner, though counsel, initially entered a plea of not guilty by reason of insanity. (Doc. 8, Ex. 2). However, after a forensic evaluation, petitioner was declared competent to stand trial. (Doc. 8, Ex. 3). On September 9, 2018, petitioner withdrew his not guilty plea and entered into a plea agreement whereby he pleaded guilty to one count of rape, one count of kidnapping with specifications, one count of gross sexual imposition, two counts of illegal use of a minor in nudity-oriented material or

performance, two counts of pandering sexually oriented matter involving a minor, and three counts of voyeurism. (*See* Doc. 8, Ex. 4). The trial court accepted petitioner's plea (*see id.*), and sentenced petitioner to an aggregate term of twenty-five years to life imprisonment in the Ohio Department of Rehabilitation and Correction. Petitioner was also adjudicated as a Tier III sex offender. (Doc. 8, Ex. 5).

**Direct Appeal**

Represented by different counsel than at trial, petitioner filed a timely appeal raising the following assignment of error:

> **SOLE ASSIGNMENT OF ERROR:**
>
> The trial court erred to the prejudice of [petitioner] when it sentenced him to consecutive sentences in the Ohio Department of Rehabilitation and Corrections.
>
> **Issue Presented for Review and Argument:**
>
> The record fails to adequately support the required findings for imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4) when it is the prosecutor who recites a portion of R.C. 2929.14(C)(4)(b) and the Court acquiesces.

(Doc. 8, Ex. 7, at PageID 66). On August 19, 2019, the Ohio Court of Appeals affirmed the judgment of the trial court. (Doc. 8, Ex. 9).

Petitioner, proceeding *pro se*, timely appealed the decision to the Ohio Supreme Court raising the following assignment of error:

> [Petitioner] was sentenced to consecutive terms of imprisonment without making the required findings. That is a violation of due process. 5th, 6th & 14th Amendments of the U.S. Constitution.

(Doc. 8, Ex. 11, at PageID 111). The Ohio Supreme Court denied further review on December 17, 2019. (Doc. 8, Ex. 12).

**Petition to Vacate or Set Aside Sentence**

On December 26, 2019, petitioner filed a *pro se* Petition to Vacate or Set Aside Judgment of Conviction or Sentence. (Doc. 8, Ex. 13). In the petition, petitioner raised the following claim:

> **Statement of constitutional claim:** The sentencing court had a bias toward sex offenders that was known to him, but no one else, including the Defendant. This violated the Petitioner's Due Process rights.
>
> **Short statement of facts supporting the claim:** A letter received from the Butler County Prosecutor's Office was clear in the fact that Judge Pater had a family member that went through sexual improprieties and that biased Judge Pater. It cannot be presumed that Judge Pater only held a bias in *Ohio v. Dustin Lawrence*, as that would be shortsighted. He did not personally know Mr. Lawrence, so an accurate presumption can be made that he held bias for all sex offenders.

(Doc. 8, Ex. 13, PageID 124). Petitioner was appointed counsel and, following an evidentiary hearing before a retired judge appointed by the Ohio Supreme Court (*see* Doc. 8, Ex. 22, at PageID 267),[1] the trial court overruled the petition on July 29, 2020 (Doc. 8, Ex. 18).

Petitioner, through counsel, filed an appeal, raising the following assignment of error:

> **DEFENDANT-APPELLANT'S SOLE ASSIGNMENT OF ERROR:**
>
> [Petitioner] was deprived of his right to Due Process of Law as guaranteed by the Fifth and Fourteenth Amendments when the trial court failed to disclose a potential bias against him.
>
> **Issue Presented for Review and Argument:**
>
> The trial court's failure to disclose a potential bias, in violation of the Ohio Code of Judicial Conduct, prior to sentencing [petitioner], was in contravention of his Fifth Amendment right to Due Process of Law.

(Doc. 8, Ex. 20, at PageID 224). On April 26, 2021, the Ohio Court of Appeals affirmed the trial court's judgment. (Doc. 8, Ex. 22). Petitioner did not seek further review in the Ohio Supreme

[1]By way of separate Order, the Court has granted petitioner's unopposed motion (Doc. 16) to include a copy of the transcript from the evidentiary hearing (*see* Doc. 16, at PageID 371) as part of the record before this Court.

Court. (*See* Doc. 1, at PageID 8 (indicating the Ohio Court of Appeals 12th Appellate District as the only court where an appeal was filed); *see also* Doc. 9, at PageID 323).[2]

**Federal Habeas Corpus**

In September 2021, petitioner filed the instant *pro se* federal habeas corpus petition raising the following two grounds for relief:

> **GROUND ONE:** The trial court erred to the prejudice of [petitioner] when sentence him to consecutive sentence.
>
> **Supporting Facts:** The record fails to adequately support the required findings for imposition of consecutive sentence pursuant to R.C. 2929.14(C)(4), when it was the prosecutor who recites a portion of R.C. 2929.14(C)(4)(b) and the court acquiesces.
>
> **GROUND TWO:** The trial court failed to disclose a potential bias against [petitioner].
>
> **Supporting Facts:** The trial court failure to disclose a potential bias in violation of the Ohio Code of Judicial Conduct prior to sentencing defendant, who was in contravention to his Fifth Amendment rights of due process of law.

(Doc. 1, at PageID 5, 7).

Respondent asserts that Grounds One is not cognizable on federal habeas review and that Ground Two fails on the merits. (Doc. 9). For the reasons below, the Court agrees. Moreover, the Court finds that the claims raised in Ground Two have been procedurally defaulted.[3]

---

[2]Further, a review of the Ohio Supreme Court's Online Docket does not reveal any appeal from this decision being filed in that court. (*Searched at*: https://www.supremecourt.ohio.gov/Clerk/ecms/#/search). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis,* 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[3]Although respondent does not raise the issue of procedural default, this Court may, in its discretion, raise the issue of procedural default *sua sponte* as long as the petitioner is afforded an opportunity to present arguments on the issue. *Davis v. Warden*, No. 1:13cvl98, 2014 WL 116666 (S.D. Ohio Jan. 10, 2014) (Litkovitz, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2014 WL 1302615 (S.D. Ohio. Mar. 31, 2014) (Barrett, J.). Here, petitioner has the opportunity to be heard on the matter by way of objection to the instant Report and Recommendation.

## II. THE HABEAS PETITION SHOULD BE DENIED.

In this federal habeas case, the applicable standard of review governing the adjudication of constitutional issues raised by petitioner to the state courts is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599–600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600. As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g., Cullen v. Pinholster,* __ U.S. __, 131 S. Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record

> before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold.". . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original). The Supreme Court extended its ruling in *Harrington* to hold that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume, subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d). *See Johnson v. Williams*, 568 U.S. 289, 292 (2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, 565 U.S. 34, 38–40 (2011); *cf. Otte,* 654 F.3d at

600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). In *Greene*, 565 U.S. at 38, the Court explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. _, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits. We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.*, at __, 131 S.Ct. at 1398. The reasoning of *Cullen* determines the result here. As we explained, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions *as of 'the time the state court renders its decision.*'" *Id.*, at __, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade,* 538 U.S. [at] 71-72 . . .; emphasis added).

Decisions by lower courts are relevant "to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)). The writ may issue only if the application of clearly established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412).

**A. Ground One**

In Ground One, petitioner asserts that the trial court imposed consecutive sentences on him without making the findings required under Ohio Rev. Code § 2929.14(C)(4). Petitioner raised this claim on direct appeal, and the Twelfth District Court of Appeals determined that the trial court had fully complied with Ohio Rev. Code § 2929.14(C)(4). (Doc. 8, Ex. 9, at PageID 102-03) ("[T]he record demonstrates that the trial court engaged in the correct analysis."). As this Court has previously explained:

> State and federal courts have the power to impose consecutive sentences for multiple offenses, and the Supreme Court has called the practice of giving trial judges "unfettered discretion" to determine whether sentences for discrete offenses shall be served consecutively or concurrently a common-law tradition. *Oregon v. Ice,* 555 U.S. 160, 163, 129 S. Ct. 711, 172 L.Ed.2d 517 (2009). Imposition of consecutive terms of incarceration does not violate clearly established federal law construing the Due Process Clause, or make the state court proceedings fundamentally unfair.

*Powers v. Warden, London Corr. Inst.*, No. 2:13-CV-1179, 2015 WL 46136, at *4 (S.D. Ohio Jan. 2, 2015). *See also Barker v. Brunsman,* No. 2:09–cv–325, 2009 WL 1586209, at *2 (S.D. Ohio June 4, 2009) (finding that the "federal Due Process Clause is ordinarily not implicated when a state court imposes consecutive sentences in a manner that appears to be authorized by state law . . . ."); *Taylor v. Tambi,* No. 2:08–cv–245, 2009 WL 1585209, at *2 (S.D. Ohio June 4, 2009) (same).

Because "[a] state court's interpretation, or misinterpretation, of its own sentencing laws and guidelines constitutes a matter of state concern only," *Powers*, 2015 WL 46136, at *4, Ground One should be dismissed as non-cognizable on federal habeas review.[4]

**B. Ground Two**

In Ground Two, petitioner asserts that the trial judge failed to disclose an alleged bias against all sex offenders that resulted from one of the judge's family members having been subjected to sexual abuse. Petitioner raised this ground for relief in his state-court Petition to Vacate or Set Aside Judgment of Conviction or Sentence. (*See* Doc. 1, at PageID 7; *see also*

[4]In his traverse, petitioner appears to raise new claims that the trial court "had Count III listed as a separate conviction" in the Conviction Entry, failed to find "that petitioner engaged in sexual conduct with a person 'not his spouse,'" and failed "to instruct the proper essential element of the offense." (Doc. 14, at PageID 355-57). These claims were not raised in the petition and thus are waived. *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (finding that the district court did not err in declining to address claims raised for the first time in the petitioner's traverse). The Court therefore declines to reach these new claims.

Doc. 8, Ex. 13, at PageID 124). For the following reasons, Ground Two should be denied because it is procedurally defaulted and, in any event, fails on the merits.

A state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Earless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir.1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir.1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, the claims will be deemed procedurally defaulted and waived for purposes of federal habeas review absent a showing of cause for and prejudice from the default or that a fundamental miscarriage of justice will occur if the claims are not considered by this Court. *See O'Sullivan,* 526 U.S. at 847–48; *Leroy,* 757 F.2d at 97, 99–100; *see also Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Harris v. Reed,* 489 U.S. 255, 262 (1989); *Murray v. Carrier,* 477 U.S. 478, 485 (1986).

Petitioner procedurally defaulted the claims alleged in Ground Two of the petition because he did not provide the Ohio Supreme Court with an opportunity to consider the claims that were raised in the state post-conviction proceedings. Petitioner did not pursue a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' April 26, 2021 decision affirming the trial court's judgment (*see* Doc. 8, Ex. 22; *see also* Doc. 1, at PageID 8; Doc. 9, at PageID 323) and is not permitted at this late juncture to seek a delayed appeal to the state's highest court in the matter involving a petition for post-conviction relief. *See* Ohio S. Ct. Prac.

R. 7.01(A)(4)(c). Therefore, this Court's review of any constitutional claims alleged in Ground Two is barred unless petitioner can demonstrate both cause for and prejudice from his procedural default in the state courts or that failure to consider the defaulted claims will result in a fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 750.

Petitioner has not presented any evidence establishing cause for his procedural default in this case. Moreover, petitioner has not demonstrated that failure to consider the issues that were presented in the state post-conviction proceedings will result in a "fundamental miscarriage of justice," or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495–96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

To establish a credible claim of actual innocence sufficient to overcome a procedural bar to review, the petitioner must demonstrate that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell,* 547 U.S. 518, 536–37 (2006) (quoting *Schlup,* 513 U .S. at 327); *cf. Souter v. Jones,* 395 F.3d 577, 602 (6th Cir. 2005); *McSwain v. Davis,* 287 F. App'x 450, 458 (6th Cir. 2008). The standard is "demanding and permits review only in the 'extraordinary' case." *House,* 547 U.S. at 538 (quoting *Schlup,* 513 U.S. at 327). To be credible, a claim of actual innocence must be based on "new reliable evidence . . . that was not presented at trial." *House,* 547 U.S. at 537 (quoting *Schlup,* 513 U.S. at 324); *see also Calderon v. Thompson,* 523 U.S. 538, 559 (1998). Petitioner has not done so in this case. Therefore , Ground Two is procedurally defaulted.

Furthermore, for the reasons discussed below, even if, *arguendo*, Ground Two was not procedurally barred, it would be subject to dismissal on the merits.

The following factual recital, taken from the post-conviction appellate court's opinion affirming the trial court's denial of petitioner's Petition to Vacate or Set Aside Judgment of Conviction or Sentence, is presumed to be correct:[5]

> {¶ 4} Appellant's sentencing hearing was held on October 16, 2018. The trial judge accepted the parties' stipulation that a prison term of life without parole would not be imposed on the rape conviction. The trial judge sentenced appellant to an indefinite prison term of 10 years to life for the kidnapping offense and an indefinite prison term of 15 years to life for the rape offense and ordered these two sentences to run consecutively to each other. Based on the parties' stipulation, these sentences were imposed with the possibility of parole after serving the aggregate minimum sentence. For the remaining offenses, the trial judge merged one offense with the kidnapping offense, imposed definite prison terms on the remaining felony offenses, and ordered that these prison terms be served concurrently with the indefinite sentences imposed for the rape and kidnapping offenses, for an aggregate prison sentence of 25 years to life. Appellant was designated a Tier III sex offender. Appellant appealed his sentence, arguing that the consecutive sentences were contrary to law because the trial judge failed to make the required findings under R.C. 2929.14(C)(4). We upheld appellant's sentence in *State v. Murrill*, 12th Dist. Butler No. CA2018-11-215, 2019-Ohio-3318.
>
> {¶ 5} On October 24, 2018, eight days after sentencing appellant, the trial judge recused himself in an unrelated criminal case. In that case, defendant Dustin Lawrence was convicted of sexual offenses, including rape and kidnapping, and was sentenced to 33 years in prison by the trial judge in May 2017. The trial judge's recusal occurred during postconviction relief proceedings. The trial judge's entry of recusal explained that a member of his family "had been the victim of a similar crime which may have impacted the Court's original sentencing determination." By letter dated March 19, 2019, the Butler County Prosecutor's Office notified the defendants who had been sentenced by the trial judge for similar crimes of the judge's recusal in the *Lawrence* case. Appellant received this notice with respect to his rape and kidnapping convictions.
>
> {¶ 6} Appellant filed, pro se, a PCR [Post-Conviction Relief] petition, arguing that the trial judge was biased against him, thus violating his due process rights. The Ohio Supreme Court assigned a retired judge to preside over the PCR proceedings. The retired judge appointed counsel for appellant, construed the PCR petition as alleging that the trial judge's decision to sentence appellant to consecutive prison terms on the rape and kidnapping offenses was because of judicial bias, and

[5] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless the petitioner rebuts the presumption by "clear and convincing evidence." In the absence of clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings, the appellate court's findings are presumed to be correct. *See McAdoo v. Elo,* 365 F.3d 487, 493-94 (6th Cir. 2004).

scheduled an evidentiary hearing. On July 29, 2020, two weeks after the evidentiary hearing, the trial court denied appellant's PCR petition. Citing this court's opinions in *State v. Lawrence*, 12th Dist. Butler Nos. CA2017-06-078 and CA2019-03-048, 2020-Ohio-855; and *State v. Sharp*, 12th Dist. Butler No. CA2019-10-181, 2020-Ohio-3497, in which we rejected similar claims of judicial bias from sex offenders sentenced by the trial judge, the trial court found that

> Counsel for Murrill argues that the trial judge was obliged to inform Murrill prior to sentencing that he was potentially biased because of the nature of Murrill's crimes. This contention assumes that the trial judge was biased or potentially biased. Given the pronouncements of the court of appeals in *Lawrence* and *Sharp*, this argument is perforce unavailing. There is no evidence of bias or potential bias, direct or circumstantial.

(Doc. 8, Ex. 22, at PageID 266-67).

The Ohio Court of Appeals went on to explain:[6]

> {¶ 13} It is well settled that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law. *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, ¶ 48. Judicial bias has been described as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *Id.*
>
> {¶ 14} Judges are presumed not to be biased or prejudiced toward those appearing before them, and a party alleging bias or prejudice must present evidence to overcome the presumption. *Sharp*, 2020-Ohio-3497 at ¶ 11. The evidence must demonstrate an appearance of bias or prejudice compelling enough to overcome the presumption of judicial integrity. *Id.*
>
> {¶ 15} Appellant has failed to present any evidence of the trial judge's judicial bias or prejudice against him at sentencing. Instead, appellant asks this court to presume that the trial judge was biased or prejudiced at his sentencing simply because the judge expressed a concern he "may" have been biased at sentencing in the *Lawrence* case. The trial judge's recusal in that case occurred in the context of a PCR petition filed by Lawrence 15 months after he was originally sentenced by the judge. As we have previously stated, the trial judge "did not admit to actual bias at

---

[6]On his post-conviction appeal, petitioner raised a challenge to his sentencing under the Due Process Clause and the Ohio Code of Judicial Conduct. (*See* Doc. 8, Ex. 22, at PageID 268). The state appellate court addressed only the due process claim, explaining: "[A]ny allegations of judicial misconduct are not cognizable on appeal, but [are] a matter properly within the jurisdiction of the Disciplinary Counsel." (Doc. 8, Ex. 22, at PageID 268) (citing *State v. Williams,* 9th Dist. Summit No. 25827, 2011-Ohio-6067, ¶ 14). To the extent that petitioner intends to raise a claim in this Court that the trial judge violated the Ohio Code of Judicial Conduct, this Court also does not reach that issue. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a).

> [Lawrence's] sentencing hearing. Rather, the record indicates the judge was second guessing the fairness in his decision to impose consecutive sentences" at the original sentencing hearing. *Lawrence*, 2020-Ohio-855 at ¶ 27. In other words, the trial judge expressed concern about his state of mind in May 2017 when he originally sentenced Lawrence. Just as "this [did] not amount to an acknowledgment of actual bias at sentencing, nor [did] it implicate any bias or prejudice at trial" concerning Lawrence, this likewise "does not amount to an acknowledgment of actual bias at sentencing, nor does it implicate any bias or prejudice at trial" regarding appellant. *Id.* We will not presume otherwise. *Id.* Appellant's claim "appears to be nothing more than speculation in an effort to take advantage of events in an unrelated case." *Sharp* at ¶ 14.
>
> {¶ 16} Moreover, a review of appellant's sentencing hearing fails to establish any hostile feelings, ill will, undue friendship, or favoritism toward either side. Appellant was indicted on 25 separate sexual offenses; all but two were felonies. Appellant pled guilty to ten sexual offenses and the remaining 15 sexual offenses were dismissed. The ten offenses involved six children as well as unidentified "pre-pubescent children" and an unidentified "pre-pubescent female." The trial judge accepted the parties' stipulation that a prison term of life without parole would not be imposed on the rape conviction. Although the trial judge imposed consecutive sentences on the rape and kidnapping offenses, he did not impose consecutive sentences on the remaining felony sexual offenses. Had the trial judge sentenced appellant to consecutive sentences on all counts, appellant would have faced a minimum of 43 years in prison before parole eligibility.
>
> {¶ 17} Appellant has not demonstrated anything that would overcome the presumption of judicial integrity in his case and has failed to show that the trial judge was biased in imposing the sentence. The assignment of error is overruled.

(Doc. 8, Ex. 22, at PageID 269-71).

Petitioner has not shown that the state court of appeals' decision affirming the denial of his Petition to Vacate or Set Aside Judgment of Conviction or Sentence was "contrary to" or "involved an unreasonable application of" clearly established federal law or involved an unreasonable application of the facts. *See* 28 U.S.C. § 2254(d). "[T]he [Supreme] Court has never held that a judge must recuse herself because a family member was a victim of a similar crime." *Herrmann v. Meisner*, No. 16-CV-1353, 2019 WL 3766547, at *4-5 (E.D. Wis. Aug. 9, 2019), *report and recommendation adopted*, No. 16-CV-1353-PP, 2020 WL 5748939 (E.D. Wis. Sept. 25, 2020). Further, petitioner's sentence was well under the maximum sentence permitted

by law. For the reasons stated by the Ohio Court of Appeals, petitioner has not shown that his sentence was the result of judicial bias, rather than the serious nature of the crimes to which he pleaded guilty.

Petitioner has therefore procedurally defaulted any claims alleged in Ground Two and, in any event, Ground Two fails on the merits.

Accordingly, in sum, this Court concludes that petitioner is not entitled to federal habeas corpus relief based on the grounds asserted in his petition.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition that this Court has concluded are procedurally barred from review because, under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[7] In addition, a certificate of appealability should not issue with respect to the claims addressed on the merits because petitioner has not stated a "viable claim of the denial of a constitutional right" or presented an issue that is "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 475 (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

[7]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

September 20, 2022

Karen L. Litkovitz

KAREN L. LITKOVITZ
United States Magistrate Judge